**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13832

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALAN JOSEPH CLARK, JR.,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court

for the Northern District of Florida

D.C. Docket No. 4:24-cr-00001-RH-MAF-1

————————————

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Alan Joseph Clark, Jr., pleaded guilty to producing and possessing child pornography and was sentenced to 240 months of imprisonment. He now appeals, challenging the denial of his motion

to suppress evidence obtained during a search of his home and the substantive reasonableness of his sentence. After careful review, we affirm.

## I. BACKGROUND

In May 2023, a Homeland Security Investigations task force officer linked Clark's IP address with images of child pornography found on a "a file-sharing peer-to-peer network." Law enforcement thereafter obtained a warrant and searched Clark's house. While in the attic, an officer saw "wires that appeared to be connected to something within the ceiling." These wires ran to the bedroom closet of Clark's teenage daughter. They connected to a false smoke detector that "contained a small hidden camera capable of holding an SD card" that Clark used to covertly record his daughter and her friends. Officers found other cameras hidden in a second false smoke detector and cell phone charger in Clark's daughter's bathroom, as well as in her alarm clock. Clark's electronic devices contained numerous explicit images and videos, including ones that he made of his daughter and five other minor victims using these hidden cameras.

Clark was indicted for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts 1–6); receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1) (Count 7); possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 8); and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1) (Count 9).

Clark thereafter moved to suppress, as relevant here, the evidence recovered from the hidden cameras found in his house. Following a hearing, the district court orally denied Clark's motion, concluding that: (1) the hidden cameras could be seized under the terms of the search warrant; (2) the officers could have seized the cameras under the plain-view doctrine; and (3) the officers relied upon the warrant in good faith. Clark then entered a conditional guilty plea to Counts 1 through 6 and 8 that allowed him to preserve his ability to appeal the denial of his suppression motion.

Clark's Presentence Investigation Report ("PSI") provided a total offense level of 43, the highest available, and placed Clark in criminal history category I because he did not have any previous convictions. The resulting advisory guideline range was life imprisonment. However, because Clark, by statute, could be sentenced only to a maximum of 2,400 months of imprisonment, this number became his guideline range. Neither party objected to the PSI's guideline calculations.

At sentencing, Clark's counsel presented testimony from forensic psychologist Dr. Ronda Harrison-Spoerl who found that, based on a psychosexual risk evaluation, Clark would face a low recidivism rate after serving the mandatory minimum 15-year sentence. Clark also allocuted, apologizing for his offenses and "hurt[ing] people close to [him]." Clark elaborated that he had formerly worked in law enforcement and felt like his "life was over" after a chemical exposure ended this career, but he chose not to have a lung transplant because it would require extended

hospitalization. Clark also stated that his later work as a traveling respiratory therapist allowed him to "help[] people heal," but contributed to his struggles with loneliness. He further highlighted that his time incarcerated renewed his commitment to his faith and asked the court for mercy.

Clark's counsel reiterated arguments that were presented in a previously filed sentencing memorandum and requested a sentence of 15 years of imprisonment or, alternatively, a less-than-20-year sentence. Counsel emphasized that Clark (1) never shared the videos he produced or attempted physical contact with his victims, (2) had a difficult time getting proper medical care for his severe lung condition while in pretrial detention, and (3) had tried to use his time incarcerated productively. She explained that a sentence of less than 20 years "w[ould] allow . . . Clark to be housed in a low risk facility" to protect him from the risk associated with being a former law enforcement officer. Counsel further contended that, because of Clark's medical conditions and status as a former law enforcement officer, he would have a "significantly harder time" in prison "as opposed to an average person."

In announcing its sentence, the district court noted its consideration of the guidelines, the PSI, the 18 U.S.C. § 3553(a) factors, the statements the government presented from the minor victims and their parents, and other materials. It also cautioned those in the courtroom not to "think that the things . . . discussed in the hearing . . . we[re] all that [it] [had] taken into account."

The court first found that Clark spoke "honestly from the heart" in his allocution, but it explained that Clark's crimes were "a lot more important . . . than how he felt about it after he did it." It emphasized "that this was not a one-time isolated event," but rather a circumstance where Clark made the conscious decision to continue his wrongful behavior. The court also found "significant" that Clark's victims "were his own daughter and her friends," which said a lot about his "conscience and willingness to commit this kind of crime," and observed that Clark's actions left these victims unable "to trust people . . . close to them or people in authority as they once did."

The district court also found that, despite the unfortunate facts of these offenses, it was "not as bad as it could be," as Clark did not have any physical contact with his victims, and he did not distribute the images he produced. The court further noted "some things that [were] [not] as significant in [its] consideration." Although it had "listen[ed] carefully to Dr. Harrison-Spoerl's testimony," the court found that did not "move the needle very far either way." Likewise, the court determined that Clark's former law-enforcement career was "only a little bit of a factor," as it suggested that Clark had "otherwise been a law-abiding citizen, [and] worked legitimately in the economy." It also noted that Clark's medical conditions did not "change[] [its] view of the proper sentence" given that "[t]he Bureau of Prisons works very hard at providing medical care, and sometimes does an extraordinary job."

The district court sentenced Clark to a total term of 240 months of imprisonment with a lifetime of supervised release to follow. It remarked that although there had been requests that Clark receive a life sentence, 20 years of imprisonment was still "a very substantial sentence, and it should be." The court further stated that the imposed sentence, while greater than the mandatory minimum, was "sufficient but not greater than necessary." This appeal followed.

## II. STANDARD OF REVIEW

We review the denial of a motion to suppress under a mixed standard, reviewing the district court's factual findings for clear error but reviewing the application of law to those facts de novo. *United States v. Campbell*, 26 F.4th 860, 870 (11th Cir. 2022) (en banc). We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III. DISCUSSION

### A. *Clark Forfeited His Suppression Challenge*

Clark first challenges the district court's denial of his suppression motion, primarily arguing that law enforcement lacked probable cause to seize the hidden cameras found in his house based on the plain-view doctrine. But, to warrant exclusion of this evidence, Clark "ha[s] to convince us that [all] of the district court's findings were incorrect." *United States v. King,* 751 F.3d 1268, 1277 (11th Cir. 2014).

24-13832                Opinion of the Court                7

In this case, the district court determined not only that these cameras could be seized under the plain-view doctrine, but also that recovery of these items fell within the scope of the warrant to search Clark's home and that the officers executed the warrant in good faith. In his brief on appeal, Clark only passingly references the scope of the search warrant and fails to make any mention of the court's determination that the good-faith exception applied to the search of his home. *Campbell*, 26 F.4th at 871 ("[I]ssues not raised in the initial brief are deemed abandoned."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). As such, Clark has forfeited any contention that these conclusions were erroneous and thus "abandoned . . . issue[s] on which he had to prevail in order to obtain reversal." *King*, 751 F.3d at 1277.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* (citation modified). Accordingly, we need not address whether the hidden cameras found in Clark's house could be seized under the plain-view doctrine and affirm the district court's decision not to suppress this evidence.

B. *Clark's 240-Month Sentence Is Substantively Reasonable*

Clark next challenges the substantive reasonableness of his sentence. Section 3553(a)'s "overarching" instruction to courts is that any sentence must be sufficient but not greater than necessary to comply with the purposes of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see Gall*, 552 U.S. at 51. These sentencing purposes include the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). A court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the types of sentences available, the applicable guideline range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (3)–(7).

Clark maintains that he should have been sentenced to the 15-year mandatory minimum, and, in imposing his 240-month sentence, the district court failed to properly weigh the mitigating considerations he presented. We disagree.

The weight allocated to each § 3553(a) factor is left to the sound discretion of the district court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). In light of the severe nature of Clark's offenses, the court was permitted to give substantial weight to the need for punishment and deterrence, as well as protection of

the public, over other factors discussed at sentencing. *Id.* Moreover, throughout the hearing, the district court considered and rejected many of Clark's mitigating arguments, including the impact of his former law-enforcement career and his health concerns. And, in any event, the failure to address every mitigating argument Clark offered does not indicate that the court "erroneously 'ignored' or failed to consider th[at] evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Additionally, Clark's sentence is far below the applicable guideline term and cumulative statutory maximum of 2,400 months of imprisonment, which is further indicative of reasonableness. 18 U.S.C. §§ 2251(a), (e), 2252A(a)(5)(B), (b)(2); *see United States v. Muho*, 978 F.3d 1212, 1227 (11th Cir. 2020) ("[S]entences that fall within the Guidelines range or that are below the statutory maximum are generally reasonable.").

We will vacate a sentence only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation modified). We are not left with such a conviction in this case and find that the district court did not abuse its discretion in imposing Clark's 240-month sentence.

### IV. CONCLUSION

We **AFFIRM** Clark's convictions and sentence.